

**FILED**

**September 22, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Monica Kleeberg | ) | Docket No.   2015-01-0134 |
| | ) | |
| v. | ) | State File No.  72298-2015 |
| | ) | |
| Environmental Solutions Systems, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims, | ) | |
| Thomas Wyatt, Judge | ) | |

---

### Affirmed and Certified as Final - Filed September 22, 2017

---

The employee, a housekeeper at a hotel, fractured her left wrist when she fell while performing housekeeping duties on the hotel's premises.  Following a trial on the merits, the court awarded permanent partial disability benefits and ongoing medical benefits against her direct employer and against two employers the court determined to be statutory employers.  The trial court denied the employee's request for past medical expenses and temporary disability benefits, concluding the employee failed to offer evidence of the medical expenses allegedly incurred prior to trial and failed to prove a connection between her claimed temporary disability and her work injury.  The employee has appealed.  Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Monica Kleeberg, Ooltewah, Tennessee, employee-appellant, pro se

Alex B. Morrison and Kristen C. Stevenson, Knoxville, Tennessee, for the employers-appellees, Embassy Suites by Hilton – Chattanooga Hamilton Place and Certistaff, Inc.

Michael A. Anderson and Jeremy M. Cothern, Chattanooga, Tennessee, for employer-appellee, Environmental Solutions Systems

# MEMORANDUM OPINION[1]

Monica Kleeberg ("Employee") is a fifty-three-year-old resident of Hamilton County, Tennessee, whose ability to understand and speak English is limited. She fractured her left wrist in a fall on May 9, 2015, while in the course and scope of her employment as a hotel housekeeper. She was treated at Erlanger Hospital's emergency department for left wrist pain, after which she was referred to orthopedic surgeon Dr. J. Woodfin Kennedy. Dr. Kennedy initially examined Employee on May 14, 2015, and diagnosed a left distal radius fracture. On June 1, 2015, he performed an open reduction with internal fixation to surgically repair the fracture. He determined that Employee reached her maximum medical recovery on April 7, 2016, and opined that her injury resulted in a permanent medical impairment of 4% to the whole body.

Employee's initial petition for benefit determination was filed on June 12, 2015. It identified her employer as Profit Line Services ("Profit Line") and stated that "they won't pay [her] claim."[2] On August 3, 2015, Employee filed a request for expedited hearing on the record without an evidentiary hearing. A dispute certification notice filed on August 4, 2015 identified Profit Line, Environmental Solutions Systems ("Environmental Solutions"), and Embassy Suites by Hilton-Chattanooga Hamilton Place/Certistaff, Inc. ("Embassy Suites"), as employers. It stated that "[e]ach of the employers listed deny [sic] that they owe benefits. The employers state that the employee is a contractor and not an employee." On September 8, 2015, Employee filed two additional petitions for benefit determination, again alleging "they won't pay [her] claim." One petition identified Embassy Suites as the employer, and the other identified the employer as Environmental Solutions.

On September 23, 2015, the trial court issued an order addressing Employee's initial petition for benefit determination. The order required Profit Line to provide "past and future medical benefits for [Employee's] compensable left-wrist injury, including but not limited to payment of all reasonable and necessary treatment of her injury at Erlanger Medical Center and by . . . Dr. J. Woodfin Kennedy." The trial court denied Employee's claim for temporary disability benefits, finding "[t]he record is silent as to whether [Employee] worked after her injury."

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Neither an attorney for nor a representative of Profit Line or its workers' compensation carrier appeared at any proceeding in the Court of Workers' Compensation Claims or in this appeal, and no documents were submitted or arguments made by Profit Line or its workers' compensation carrier with respect to Ms. Kleeberg's claim for benefits.

On October 9, 2015, a mediator filed a dispute certification notice addressing the claim against Environmental Solutions, which stated "[Environmental Solutions] asserts that they are not the employer and therefore are not responsible for the employee's workers' compensation claim." On January 29, 2016, the mediator issued a dispute certification notice addressing the claim against Embassy Suites that included identical language reflecting Embassy Suites' assertion that it was not responsible for Employee's claim. The trial court consolidated the three claims, after which Embassy Suites and Environmental Solutions filed motions for summary judgment, which the trial court denied.[3]

The case was tried on May 2, 2017. The primary issues, as identified by the trial court, were (1) whether Employee was an independent contractor; (2) whether Employee established that her injury arose primarily out of and in the course and scope of her employment; (3) the benefits, if any, to which Employee was entitled; and (4) whether Embassy Suites and Environmental Solutions were statutory employers.

The trial court determined Employee established she was an employee and not an independent contractor at the time of her injury. It also found the preponderance of the evidence established "the obvious fact that [Employee] fractured her left wrist when she fell while working at [Embassy Suites'] hotel on May 9," such that "she is not required to establish the work-relatedness of her left-wrist fracture by medical opinion." The trial court denied Employee's request to recover the medical expenses she incurred, finding it "has before it no evidence of the charges [Employee] incurred for the treatment of her claimed injury."[4] The trial court determined Employee was entitled to ongoing and future medical care reasonable and necessary for her injury and concluded "Dr. Kennedy shall be the authorized treating physician for the provision of ongoing medical benefits." The court denied Employee's request for temporary disability benefits, finding Employee "failed to prove a connection between her claimed disability and her work injury." However, the court awarded permanent partial disability benefits of eighteen weeks based upon Dr. Kennedy's four percent whole body impairment rating. Finally, the trial court determined both Embassy Suites and Environmental Solutions were statutory employers as contemplated by Tennessee Code Annotated section 50-6-113(a) (2016), and, along with Employer, were responsible for the benefits awarded to Employee.

---

[3] Employee also filed a claim for benefits for her May 9, 2015 left wrist fracture against Russell Florsheim, d/b/a United Resource Group. On July 20, 2016, the trial court granted summary judgment in favor of Mr. Florsheim. Neither the order granting summary judgment and dismissing Mr. Florsheim as a party nor the orders denying Embassy Suites' and Environmental Solutions' summary judgment motions were appealed.

[4] Although Employee attempted to introduce some medical bills at trial, the court excluded those from evidence, finding they had not been properly authenticated to overcome a hearsay objection.

Employee has appealed. The basis of her appeal as set out in her notice of appeal is hand-written in Spanish, and we have been provided no translation by the parties. However, based on the record before us, it appears Employee disputes the trial court's denial of her request that Profit Line, Environmental Solutions, and/or Embassy Suites be required to pay for her past medical treatment for her left wrist fracture. For the reasons that follow, we affirm the trial court's order in all respects.[5]

As is often the case in appeals filed by self-represented litigants, the record on appeal is insufficient to permit meaningful review of the trial court's conclusions. First, Employee failed to file a transcript or statement of the evidence. Without a record of the testimony presented in the trial court, an appellate court "cannot know what evidence was presented to the trial court, and there is no means by which [it] can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). The totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Second, Employee has not filed a brief, cited any authority, or made any meaningful argument on appeal with regard to how she believes the trial court erred.[6] As stated by the Tennessee Supreme Court, and as we have observed on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law clearly prohibits us from doing so, and appellate courts may not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might

---

[5] Neither Environmental Solutions nor Embassy Suites appealed the trial court's conclusions that they were statutory employers and were responsible for paying permanent partial disability benefits and ongoing medical benefits to the same extent as Employee's direct employer, Profit Line. Thus, we forego any analysis of those conclusions.

[6] While Employee did submit an e-mail that she identifies as a brief, it contains no argument or authority and identifies no issues for review.

4

benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

Finally, Employee has attempted to introduce on appeal evidence that was not submitted to the trial court at the compensation hearing. Consistent with established principles of appellate review, we decline to consider evidence not presented to and considered by the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge."). Accordingly, we affirm the trial court's order and certify it as final.

**FILED**

**September 22, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Monica Kleeberg | ) | Docket No. 2015-01-0134 |
| | ) | |
| v. | ) | State File No. 72298-2015 |
| | ) | |
| Environmental Solutions Systems, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of September, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Monica Kleeberg | X | | | | X | Giancarlor20@gmail.com c/o Monica Kleeberg 3400 Jenkins Rd. Apt. 308 Chattanooga, TN 37421 |
| Profit Line Services, Inc. c/o Rudy Lugo | | | | | X | Rudylugo123@hotmail.com |
| Michael A. Anderson | | | | | X | manderson@pbsjlaw.com |
| Jeremy M. Cothern | | | | | X | jcothern@pbsjlaw.com |
| Alex B. Morrison | | | | | X | abmorrison@mijs.com |
| Kristen C. Stevenson | | | | | X | kcstevenson@mijs.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov